## WESTERN HISTORICAL COMPANY VS. SCHMIDT.

*January 11 — January 30, 1883.*

CONTRACTS: SUBSCRIPTION for book: *(1) Is an offer to buy. (2) What amounts to acceptance. (3) Warranty. (4) Evidence of conformity to prospectus.*

Defendant signed the following written agreement: "*The Western Historical Company:* I hereby agree to take one copy of your History of Northern Wisconsin, for which I will pay you, when delivered, the sum of $12.50. I base the subscription on what you promise in your prospectus, a copy of which I have, No. 9." *Held:*

(1) The agreement amounted to an offer to buy and pay for, on delivery, a copy of the book named.

(2) If the taking of the subscription by an authorized agent of the company was not such an acceptance of the offer as would bind the defendant, the subsequent tender of the book within a reasonable time, upon the subscription, and before the offer was withdrawn, was an acceptance and would bind the defendant from that time.

(3) The subscription was upon condition that the book when delivered should conform to the prospectus, and there was a warranty on the part of the company that it would so conform.

(4) In an action to recover the price of the book which, when tendered, the defendant refused to accept, the plaintiff must show *affirmatively* that the book tendered conformed in all material matters to the description given in the prospectus, and the book itself, though produced in court, is not sufficient evidence of that fact. It is not the duty of the court to act upon its own examination of the book to determine whether the plaintiff had complied with the contract on its part.

APPEAL from the County Court of *Winnebago* County. The case is thus stated by Mr. Justice TAYLOR:

"This action was brought to recover the price of a volume of the History of Northern Wisconsin, published by the plaintiff. The action was brought in justice's court. The plaintiff had judgment for $12.50, the alleged price of the book, and for costs. The defendant appealed to the county court of Winnebago county, where the judgment of the justice was affirmed, and from the judgment of that

court defendant appealed to this court. The appellant assigns as error — *First*, that the evidence fails to show that he ever made any valid agreement to purchase said book; and, *second*, if his subscription therefor is held to be a binding contract for the purchase of said book, the evidence fails to show that the book tendered by the respondent's agent was such a book as he subscribed for.

" The complaint alleges, and the evidence tends at least to show, that the appellant signed the following written instrument on the 10th of November, 1881:

" ' *The Western Historical Company:* I hereby agree to take one copy of your History of Northern Wisconsin, for which I will pay you, when delivered at my residence or place of business, the sum of $12.50. I base the subscription on what you promise in your prospectus, a copy of which I have, No. 9.

[Signed]    " ' J. F. W. SCHMIDT, residence, Oshkosh; business, drugs.'

" The prospectus referred to in this subscription is set out in the complaint at length. The complaint then concludes as follows: ' That pursuant to said order and subscription, at said defendant's place of business, to wit, his drug store, in said county of Winnebago, on the 6th day of March, A. D. 1882, the said plaintiff, by its special agent, duly tendered and delivered to the said defendant one volume of the History of Northern Wisconsin, and then and there duly demanded of the said defendant the sum of $12.50 therefor; but the said defendant then and there wholly refused to receive said work, and then and there wholly refused to pay said $12.50 for said work or any part thereof, and then and there ordered said work to be taken away, and ever since has refused to receive said work or pay for the same, and still refuses so to do.' The complaint alleges a willingness to deliver said book, and demands judgment for the $12.50. The answer was a general denial.

" On the trial, a witness who was the agent of the plaintiff testified to the subscription and prospectus, and they were offered in evidence. He then testified that, as agent of the plaintiff, on the 6th day of March, 1882, at the defendant's drug store, in the city of Oshkosh, he delivered to the defendant the book he then held in his hand, and then offered such book in evidence to show its correctness, and that it corresponded with the prospectus offered in evidence. ' The defendant objected to the book being received in evidence, for the reason that there is no evidence that the book so tendered and offered in evidence is the book for which the defendant contracted, or the book mentioned in the prospectus.' This objection was not sustained or overruled at the time it was made. The witness then testified as follows: ' This book is the book for which the defendant subscribed, and it is the book offered in evidence.' He also testified to the tender of the book as alleged in the complaint and the defendant's refusal to receive or pay for the same, and then stated that as agent for the plaintiff he was ready and willing to deliver this book to the defendant, and tendered the same in court to him. He further testified that the plaintiff sent him, as its agent, a large number of books, of which this is one. Plaintiff also sent him the contract and prospectus under which this book was sold to the defendant, and that as such agent he had delivered copies of said book to other parties. After the witness had nearly completed his evidence, the justice remarked that upon the objection made by the defendant ' it was proper for the plaintiff to present evidence that the work or book presented in court was the identical book for which a subscription was given by the defendant.' On the cross examination of the plaintiff's witness, the following question was asked by the defendant: ' How do you know this to be the identical book for which this contract was given?' This question was objected to by the plaintiff, but the court permitted the witness to answer. His

answer was, 'Because this book corresponds with the prospectus and said contract made for the sale of the book to the defendant.'

"This was all the evidence offered by the plaintiff. The defendant moved for a nonsuit, which was denied, and exception was taken.

"On the defense the defendant was asked the following question: 'Is this the book you subscribed for at the time you signed this subscription book?' This question was objected to by the plaintiff 'because it is incompetent; that it calls for a conclusion of fact for the court; that it tends to explain a written contract by parol; and because the defendant is estopped from denying this to be the book.' The objection was overruled, and the defendant answered, 'This is not the book.' The defendant further testified that four or five weeks before this book presented in court was tendered to him, the plaintiff's agent had tendered him another book upon his subscription; that he objected to receiving the same because it had many mistakes in it and did not contain the number of pages called for in the prospectus, and that afterwards the plaintiff's agent took that book away. Plaintiff's agent testified he took this book away because the defendant claimed it lacked 200 pages, and that the book offered in evidence contained 1,200 pages, called for in the prospectus.

"The foregoing statement contains all the material evidence in the case."

*James Freeman*, for the appellant, argued, *inter alia*, that the subscription was void for want of mutuality. The plaintiff did not bind itself to deliver anything, neither is there any evidence that it assented to the terms of the subscription. *Greve v. Ganger*, 36 Wis., 369; *Bradley v. Denton*, 3 id., 569; 1 Parsons on Con., 476. It was void for want of consideration, there being no promise on the part of the plaintiff. *Tucker v. Woods*, 12 Johns., 190; 1 Chitty

on Con., 22; *Wrightman v. Coates*, 15 Mass., 5; *Cook v. Bradley*, 7 Conn., 57; 1 Caines, 585; 4 Johns., 235; 7 id., 87; *Utica & S. R. R. Co. v. Brinckerhoff*, 21 Wend., 139. There is no evidence that the plaintiff incurred any expense by reason of the defendant's promise. 12 Mass., 190; *Bryant v. Goodnow*, 5 Pick., 228; *Warren v. Stearn*, 19 id., 73.

The cause was submitted for the respondent on the brief of *Crozier & Tyrrell*. To the point that the subscription was valid, they cited: *Eycleshimer v. Van Antwerp*, 13 Wis., 546; *Lathrop v. Knapp*, 27 id., 214; *Brown v. Everhard*, 52 id., 206. That the plaintiff incurred expenditures on the faith of the subscription was proven by the tender of the book in court. *Trustees v. Allen*, 14 Mass., 472.

TAYLOR, J. As to the first assignment of error alleged by the appellant, we are inclined to hold that the subscription of the defendant amounted to an offer to buy and pay for one of the copies of the history proposed to be published by the plaintiff, upon its delivery to him at his place of business; that such offer, when accepted by the plaintiff, bound the defendant, and if the taking of the subscription by the authorized agent of the plaintiff was not such an acceptance thereof as would bind the defendant, the subsequent tender of the book within a reasonable time upon the subscription, and before the offer to buy was withdrawn, was an acceptance of the offer to buy, and would bind the defendant from that time, if the book tendered conformed in all respects to the contract. Whether the defendant could have withdrawn his offer to buy before a tender was made, need not be determined in this case. Whether this subscription would have been supported under the statute of frauds, if the article to be delivered had been of the value of $50 or more, is not involved in this case.

Upon the other question we hold that there is no competent evidence in the case sufficient to justify the court in

finding that the book tendered to the defendant, and presented in court, complied with the contract made by the defendant.

This action is to recover upon an executory contract alleged to have been made by the defendant to purchase a book called " A History of Northern Wisconsin." The book was not shown to the defendant at the time he made his contract, and the. presumption is that it was not then in existence. It was to be written or compiled and published afterwards. The subscription was made on the condition that the history, when printed, published, and delivered, should conform to a prospectus shown to the defendant at the time he made his subscription. Under this contract the plaintiff cannot recover unless he shows *affirmatively* that the book he tendered conformed in all material matters to the description thereof given in such prospectus. There was a warranty on the part of the plaintiff that the book when delivered should conform in all material matters to the statements made in such prospectus. This proposition does not require the citation of authorities. It is elementary. We think it very evident that the case was not tried before the justice upon the theory above stated.

On the part of the plaintiff it is clear that its theory of the case was that the production of the book in court, purporting to be the plaintiff's " History of Northern Wisconsin," and proof that it tendered such book to the defendant, was all the evidence necessary on its part. This theory of the case is not only shown by the evidence introduced on its part, but it is also shown from the allegations of the complaint. The complaint does not allege that the book tendered · conformed in any respect to the conditions stated in the prospectus, and if it states a cause of action at all, it does so only by a most liberal construction of its language; and it must be held that the words " one volume of the History of Northern Wisconsin " mean a volume of such his-

tory published by the plaintiff, and conforming in all respects to the prospectus set out in the complaint, upon the conditions of which the defendant subscribed for the work. We are clearly of the opinion that upon a demurrer to the complaint it should be held bad, as not stating a cause of action. In the absence of such demurrer, we think the plaintiff would be entitled to give evidence of the facts necessary to make out a cause of action, no objection being made that the complaint did not state a cause of action. We quote the language of the complaint for the purpose of showing the theory upon which the case was tried by the plaintiff. It simply offered the book itself in evidence as proof of the fact that it complied with the prospectus. It is true, the witness says: " It is a History of Northern Wisconsin," and " is the book for which the defendant subscribed, and is the book offered in evidence."

Nowhere in the direct evidence is there any statement that the book conforms to the prospectus in any respect. The plaintiff's view of the case, undoubtedly, was that the book itself was the best and only evidence of the fact of its compliance with the contract. This is clear from the objections made to the question asked by the defendant, " How do you know this to be the identical book for which this contract was given?" and the question asked the defendant, " Is this the book you subscribed for at the time you signed this subscription book?" It is urged that, because on the cross examination of the plaintiff's witness he answered the question above stated as follows: " Because this book corresponds with the prospectus and said contract made for the sale of the book to the defendant," there is some evidence to sustain the judgment in favor of the plaintiff, and consequently the county court was right in affirming such judgment. It will be seen that the witness does not testify that he had ever read or examined the contents of the book for the purpose of ascertaining whether it corresponded with

the prospectus, and so did not show himself competent to answer intelligently the question asked. And, we think, it is but just to the witness to hold that he simply meant by this answer that the book corresponded with the prospectus and contract, because it purported to be a History of Northern Wisconsin, published by the plaintiff company, and not because he had made any examination of the same for the purpose of ascertaining the fact that in its binding, printing, illustrations, and general contents it corresponded with the prospectus. It is evident that the plaintiff did not come into court supposing it was necessary for it to prove affirmatively that the history published and tendered was substantially such as the prospectus called for, except only so far as the production of the book itself would prove that fact, and it is quite evident that the answer of its agent above quoted was made in that view of the case, and not from such knowledge of the fact as would render him competent to speak intelligently on the subject.

In our view of the case, all the evidence the plaintiff made that the book tendered complied with the contract of purchase made by the defendant was this: The agent of the plaintiff produces in court a book which purports to be a History of Northern Wisconsin, published by the plaintiff,.testifies that before suit brought he tendered that book to the defendant and he refused to accept and pay for it, and further testifies, in general terms, that it is the book the defendant subscribed for, and demands judgment. This method of proving his case would compel the court to act upon its own examination of the book to determine whether the plaintiff had complied with the contract on its part. This is not a duty required of the court. It was the plaintiff's duty to make a clear case upon affirmative evidence that it had complied with the contract on its part before it could demand pay for the book tendered. Any other rule of law would leave a subscriber for a book, to be published and delivered

at a future day, at the mercy of the publisher. If publishers desire to sell their works in anticipation of their publication, and upon the strength of representations made in a prospectus furnished the subscriber at the time, and as an . inducement to his subscription, it is manifestly just that the subscriber ought not to be compelled to accept the book, when published and tendered, unless it conforms in every material matter to the representations made in such prospectus. And if the publisher seeks to recover damages for the refusal of a subscriber to accept and pay for the same, he must show by affirmative evidence that the book tendered complies with such representations. There was no evidence of that fact in this case, and consequently the plaintiff should have been nonsuited on motion of the defendant.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded with directions to that court to reverse the judgment of the justice.